**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **JUSTINA RILEY OBBEBANE,** | Docket No.: 5:25-cv-1132 (ECC/ML) |
| Plaintiff, | |
| - against – | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **WALMART, INC.** | |
| Defendant. | |

---

**COMPLAINT & DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, **JUSTINA RILEY OBBEBANE** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel **JOHNSON BECKER, PLLC** and **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC,** and alleges the following:

**NATURE OF THE CASE**

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by a Farberware 7-in-1 programmable pressure cooker (hereafter generally referred to as "pressure cooker(s)") exclusively sold and distributed by. Specifically, the subject programmable pressure cooker is a sublicensed product owned by Defendant Walmart, which Walmart holds out as its own:

1

*Identification plate of Plaintiff's pressure cooker.*

2.      On or about September 24, 2022, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

3.      Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

4.      Specifically, said defects manifest themselves when the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case removed the lid while, unbeknownst to him, the pressure cooker still retained pressure, causing him serious and substantial bodily injuries and damages.

2

5. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF JUSTINA RILEY OBBEBANE

6. Plaintiff is a resident and citizen of the city of North Syracuse, County of Onondaga, State of New York.

7. On or about September 24, 2022 Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing their scalding hot contents to be forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred as a result of the failure of the Pressure Cooker's supposed "safety measures," which purport to keep the consumer safe while using the Pressure Cooker. In addition, the incident occurred as the result of Defendants' failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

### DEFENDANT WALMART, INC f/k/a WAL-MART STORES, INC.

8. Defendant Walmart designs, manufactures, markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

9. Walmart is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Arkansas. Walmart does business in all 50 states. Walmart is therefore deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

10. At all times relevant, Defendant Walmart substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

13. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of New York and intentionally availed itself of the markets within New York through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

14. Walmart is in engaged in the business of designing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in the litigation.

15. Walmart warrants, markets, advertises and sells its Farberware pressure cookers as a means "to take the guesswork out of the most common cooking tasks."[1]

16. It further boasts that their pressure cookers have a "large locking lid to prevents [sic] the cooker from opening while pressurized,"[2] which purports to keep the user safe while cooking.

---

[1] https://www.walmart.com/ip/Farberware-Programmable-Digital-Pressure-Cooker-6-Quart/46543314 (last accessed August 20, 2025).
[2] *Id.*

17. For example, according to the Owner's Manual accompanying the individual unit sold, the pressure cookers are equipped with "important safeguards" that prevent the lid from unlocking until "the float valve drops down by itself."[3]

18. By reason of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

19. Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

20. However, the aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff and similar consumers in danger while using the pressure cookers.

21. The pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

22. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

23. As a direct and proximate result of Defendant's conduct, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

---

[3] Attached hereto as "Exhibit A" and incorporated by reference is the "Farberware 7-in-1 programmable pressure cooker" Owner's Manual. See, e.g. pgs. 3, 11.

24. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

25. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

26. At the time of Plaintiff's injuries, Defendant Walmart's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

27. Defendant Walmart's pressure cookers were in the same or substantially similar condition as when they left the possession of Defendant Walmart.

28. Plaintiff did not misuse or materially alter the pressure cooker.

29. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

30. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendant Walmart were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant Walmart failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

6

d.  Defendant Walmart failed to warn and place adequate warnings and instructions on the pressure cookers;

e.  Defendant Walmart failed to adequately test the pressure cookers; and

f.  Defendant Walmart failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

31.  Defendant Walmart actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

32.  Defendant Walmart conduct, as described above, was extreme and outrageous. Defendant Walmart risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant Walmart made conscious decisions not to redesign, warn or inform the unsuspecting consuming public.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## COUNT II
## <u>NEGLIGENCE</u>

33.  Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

34.  Defendant Walmart had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

35. Defendant Walmart failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant Walmart knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

36. Defendant Walmart was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Failed to ensure or otherwise verify the its pressure cookers complied with industry standards, including, but not limited to UL 136/UL 1026; and

   d. Were otherwise careless or negligent.

37. Despite the fact that Defendant Walmart knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant Walmart continued to market (and continue to do so) its pressure cookers to the general public.

38. Defendant Walmart's conduct, as described above, was extreme and outrageous. Defendant Walmart risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant Walmart made conscious decisions not to redesign, warn or inform the unsuspecting consuming public.

**WHEREFORE**, Plaintiff demands judgment against Defendant Walmart for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

39. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

40. At the time Defendant Walmart marketed, distributed and sold their pressure cookers to the Plaintiff in this case, Defendant Walmart warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

41. Specifically, Defendant Walmart marketed, promoted and sold its pressure cookers as a safe product, complete with certain safety features.

42. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

43. Defendant Walmart's pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

44. The Plaintiff in this case purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking, and relied on Defendant Walmart's representations regarding its safety features.

45. Defendant Walmart's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

46. Defendant Walmart's conduct, as described above, was extreme and outrageous. Defendant Walmart risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy

9

problems and suppressed this knowledge from the public. Defendant Walmart made conscious decisions not to redesign, warn or inform the unsuspecting consuming public.

**WHEREFORE**, Plaintiff demands judgment against Defendant Walmart for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, to which she is entitled by law, including punitive damages according to proof, as well as all costs of this action, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case; and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**

Date: <u>August 21, 2025</u>

*/s/ Randi Kassan, Esq.*
Randi Kassan, Esq.
100 Garden City Plaza, Suite 408
Garden City, NY 11530
516-741-5600 / 516-741-0128 (fax)
Rkassan@milberg.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.
*Pro Hac Vice to be filed*
Anna Rick, Esq.
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 /612-436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***